```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
UNITED STATES OF AMERICA,                :     19cr0502 (DLC)
                                         :
          -v-                            :     MEMORANDUM OPINION
                                         :         AND ORDER
JEFREY SANCHEZ-REYES,                    :
                                         :
               Defendant.                :
                                         :
-----------------------------------------X
```

DENISE COTE, District Judge:

On March 24, 2020, the defendant sought release on bail from the Metropolitan Correctional Center ("MCC") pursuant to 18 U.S.C. §§ 3143, 3145 on account of the COVID-19 outbreak pending his June 18, 2020 sentencing.[1] The Government opposes the defendant's release. The defendant's application for release on bail is denied.

On December 13, 2019, the defendant pleaded guilty to the charge of conspiring to distribute five kilograms and more of cocaine in violation of 21 U.S.C. §§ 846, 841(b)(1)(A). The same day, he was ordered to self-surrender to the United States Marshals Service on January 3, 2020, to be remanded pending

---

[1] Defense counsel also requested that, should the defendant's application for release on bail be denied, the defendant's sentencing, which the Court adjourned from March 27, 2020 to June 18, 2020, proceed as scheduled with the defendant appearing via videoconference or teleconference. The request to proceed via videoconference or teleconference prior to June 18 is denied.

sentencing.  The defendant's conviction carries a mandatory minimum of imprisonment of ten years.  Should the defendant qualify for safety valve relief, the Government calculates his sentencing guidelines range as 70 to 87 months' imprisonment.

Pursuant to Section 3143(a)(2), a Court "shall order that a person who[,]" having been found guilty of a crime under the Controlled Substances Act for which a maximum term of imprisonment of ten years or more is prescribed and "is awaiting imposition or execution of sentence[,] be detained" unless the Court finds that two conditions are met.  18 U.S.C § 3143(a)(2). First, the Court must find that "a substantial likelihood that a motion for acquittal or new trial will be granted[,]"or "an attorney for the Government has recommended that no imprisonment be imposed."  18 U.S.C. § 3143(a)(2)(A)(i), (ii).  Second, the Court also must find by "clear and convincing evidence that the person is not likely to flee or pose a danger to any person or the community."  18 U.S.C. § 3143(a)(2)(A)(iii).  The defendant fails to meet the requirements for release set forth in this section and the defendant does not argue otherwise.

Instead, the defendant relies on Section 3145(c), which provides,

> A person subject to detention pursuant to [the above-described Section] . . . , and who meets the conditions of release set forth in section 3143(a)(1) . . . , may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly

2

shown that there are <u>exceptional reasons</u> why such person's detention would not be appropriate."

18 U.S.C. 3145(c) (emphasis supplied). Section 3143(a)(1) provides that a defendant awaiting sentencing shall be detained "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. 3143(a)(1).

The defendant has failed to meet the requirements of Section 3145(c). There can be no dispute that the COVID-19 outbreak has imposed enormous strains upon all institutions, including correctional facilities. Nonetheless, the defendant has not provided clear and convincing evidence that his release into the community is not likely to pose a danger to the safety of any other person or the community. <u>See</u> 18 U.S.C. § 3143(a)(1). The defendant's request for release pending his June 18 sentencing, therefore, is denied.

Dated:   New York, New York
         March 30, 2020

                                    _____
                                           DENISE COTE
                                    United States District Judge

3